IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ZEM ZEM SHRINERS, A.A.O.N.M.S.,       )
an unincorporated association,        )
                                      )
            Plaintiff,                 )    C.A. No.  05-57E
                                      )
      vs.                              )    JURY TRIAL DEMANDED
                                      )
PATRICK H. SCHWINDT,                   )
an adult individual,                   )
                                      )
            Defendant                  )

## STIPULATION AND ORDER PROVIDING FOR CONFIDENTIAL TREATMENT OF DOCUMENTS, TESTIMONY AND INFORMATION

AND NOW, the parties, through their undersigned counsel, hereby stipulate and agree, and it is hereby ORDERED, that:

1.      This Stipulation and Order governs the use of all produced documents, responses to interrogatories and requests for admission, deposition transcripts, and any other information, documents, objects or things which have been or will be produced or received by any party during pretrial proceedings in this action, as well as any and all copies, abstracts, digests, summaries and by-products thereof.

2.      Any party may designate any document or part thereof, including interrogatory responses, produced by any party or third party as "CONFIDENTIAL" if the designating party reasonably believes in good faith that the designated matter constitutes trade secret or confidential financial, commercial research, development or proprietary information belonging to the designating party.  Such designation shall be made not later than fifteen (15)

days after the production thereof. The parties agree that all financial and tax records produced

pursuant to subpoena shall be deemed confidential without affirmative designation by any party.

      3.     Except as provided in paragraph 2 of this stipulation, to be deemed

confidential, documents disclosed by a supplying party shall be clearly marked on the first page

with the notation "CONFIDENTIAL". In lieu of marking this notation on the originals of

documents, the party may mark the copies that are produced.

      4.     Any party may designate the deposition testimony of any witness, or party

thereof, as "CONFIDENTIAL" if the designating party reasonably believes in good faith that the

designated testimony reveals or would reveal trade secret, or confidential financial, commercial,

research, development or proprietary information belonging to the designating party. Such

designation shall be made not later than fifteen (15) days after receipt of a transcript thereof by

notifying all parties in writing of the specific pages and lines of the transcript which are

confidential. Each party shall attach a copy of such written statement to the face of the transcript

and each copy thereof in his possession, custody or control.

      5.     Any matter designated as "CONFIDENTIAL" under the terms of this

Stipulation and Order shall not be used or disclosed by any person receiving such

"CONFIDENTIAL" matter for any purpose other than solely in connection with the prosecution

or defense of this action.

      6.     Any matter designated as "CONFIDENTIAL" under the terms of this

Stipulation and Order shall be disclosed only to:

         (a)     the Court, persons employed by the Court and stenographers transcribing
                 testimony or argument at a hearing, trial or deposition in this action;

(b)    staff counsel to any party, counsel of record in this action and regular employees of such counsel to whom it is necessary that the material be shown for purposes of this litigation;

(c)    any person not employed by a party who is expressly retained by an attorney described in paragraph (b) above to assist in conducting this litigation, but only to the extent necessary for such person to perform his assigned tasks in connection with this litigation, provided that each such person has signed, served upon counsel for all parties and filed with this Court a commitment to preserve the confidentiality of all information so designated, which commitment shall be in the form annexed hereto, and provided that, prior to any disclosure of any confidential information to such designated person, any other party hereto shall be afforded four (4) days from receipt if such person's commitment within which to object to the disclosure to such person. In the event that there is an objection, no disclosure shall be made to such person unless and until the objection is withdrawn or is resolved by Order of this Court;

(d)    any party to this action, including any officer, director, employee or trustee of any party who is requested by that party or by its attorneys to work directly on this litigation, which disclosure shall only be to the extent appropriate to perform such work and shall be governed by the procedures set forth in paragraph (3) above;

(e)    any witness at a deposition; and

(f)    a person or entity which wrote or received the document, or gave testimony, designated as "CONFIDENTIAL".

7.    Any person to whom "CONFIDENTIAL" matter is disclosed, or by whom "CONFIDENTIAL matter is used, shall be subject to this Stipulation and Order and shall take all reasonable precautions to prevent any use or disclosure other than as authorized herein.

8.    Counsel, subject to this Stipulation and Order shall take all steps reasonably necessary to advise any person to whom "CONFIDENTIAL" matter may be disclosed, or by whom it may be used, of the terms of this Stipulation and Order.

3

9.      If deposition testimony (including exhibits) is designated as "CONFIDENTIAL" pursuant to paragraph 4 hereof, (a) attendance at the deposition for such testimony shall be limited to those persons to whom "CONFIDENTIAL" matter may be disclosed hereunder; and (b) the transcript of the deposition shall include a copy of this Stipulation and Order and the legend "CONTAINS CONFIDENTIAL MATTER— UNAUTHORIZED ACCESS TO OR USE OF THIS CONFIDENTIAL TRANSCRIPT IS A VIOLATION OF COURT ORDER" appearing prominently on the cover.

10.      Any filing or submissions (or part thereof) that includes or discloses "CONFIDENTIAL" matter shall be under seal and shall remain under seal until further order of the Court. Counsel submitting such matter shall state "TO BE FILED UNDER SEAL pursuant to Order of Court, dated June, 2005" next to the caption. Should confidential material contained in any document subject to this Stipulation and Order be offered as evidence in this litigation, counsel shall be given ten (10) days written notice before offering it, and the producing party may, before it is offered, move for an appropriate *in camera* order with respect to the offer. The ten day notice requirement shall not only apply however in the instance of motions or other filings to the Court where circumstances may require an evidentiary hearing prior to trial. In such cases, notice will be given which is reasonable under the circumstances such as will allow the producing party to move for an *in camera* hearing.

11.      At the conclusion of this action, including any appeals, "CONFIDENTIAL" matter shall either be returned to the person who furnished it or destroyed at the option of the person in possession of the "CONFIDENTIAL" matter. The person in possession of such "CONFIDENTIAL" matter shall give written assurance that this provision

4

has been complied with upon the request of the person who furnished the underlying or constituent matter.

        12.     Any party to this action, and any third party furnishing "CONFIDENTIAL" matter may apply to the Court for modification of this Stipulation and Order upon 48 hours notice to the parties and any other interested person. Any party to this action may apply, upon the same notice, for an order that a person's designation of a matter as "CONFIDENTIAL" be changed.

        13.     A party shall not be obligated to challenge the propriety of a confidentiality designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that any party to this litigation disagrees at any stage of these proceedings with the designation of any information as "CONFIDENTIAL" the parties shall attempt to dispose of such dispute in good faith on an informal basis. If the disagreement cannot be resolved in this fashion, the party contesting the confidentiality of the material may, by sealed motion setting forth with specificity the items challenged, seek an order freeing the material in question from the designation as confidential information. Such motion shall be considered in accordance with the standards of Rule 26(c)(9) of the Federal Rules of Civil Procedure. Any information as to which motion is made shall remain confidential under the provisions of this Stipulation and Order until further order of this Court.

        14.     The inadvertent or unintentional disclosure of a party of confidential, privileged or work-product information, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of

confidentiality, attorney-client or work-product privileges, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter.

15. Nothing herein shall restrict the use or disclosure of "CONFIDENTIAL" matter by or to the person who designated the underlying or constituent matter as "CONFIDENTIAL".

16. This Stipulation and Order shall be effective immediately

17. Any person not a party to this action from whom discovery is sought may obtain the benefits of this Stipulation and Order by signing, or having duly authorized counsel sign, a copy of this Stipulation and Order and giving notice thereof to counsel for the parties. Any documents, deposition testimony and other information produced upon discovery by such person and designated as "CONFIDENTIAL" by such person shall be treated accordingly.

STIPULATED TO THIS 30th day of June, 2005.

Respectfully submitted,

KNOX McLAUGHLIN GORNALL & SENNETT, P.C.

DATE:  June 28, 2005                    By: _____
                                         Richard A. Lanzillo
                                         120 West Tenth Street
                                         Erie, PA  16501-1461
                                         (814) 459-2800
                                         Attorneys for Plaintiff,
                                         Zem Zem Shriners

DATE: June 12, 2005          By: _____
                                  Phillip B. Friedman
                                  Ambrose, Friedman & Weichler
                                  319 West 8th Street
                                  Erie, Pennsylvania  16502
                                  (814)-452-3069
                                  Attorney for Defendant,
                                  Patrick H. Schwindt


          SO ORDERED this _____ day of July, 2005.


                                  _____ J.

# 620499

7

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ZEM ZEM SHRINERS, A.A.O.N.M.S.,   )
an unincorporated association,      )
                                 )
        Plaintiff,           )  C.A. No.  05-57E
                                 )
        vs.               )  JURY TRIAL DEMANDED
                                 )
PATRICK H. SCHWINDT,        )
an adult individual,            )
                                 )
        Defendant      )

**COMMITMENT OF QUALIFIED PERSON PURSUANT TO PROTECTIVE ORDER**

I hereby affirm that:  (1) I have received and read a copy of the Stipulation and Order Providing for Confidential Treatment of Documents, Testimony and Information dated June ___, 2005 entered herein by the Court; (2) I understand the terms thereof and agree to be bound thereby; and (3) I am aware that a violation of such Order may result in a finding of contempt of Court.

_____   _____
Date                                  Name

# 620499

8

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ZEM ZEM SHRINERS, A.A.O.N.M.S.,<br>an unincorporated association, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 05-57E |
| | ) | |
| vs. | ) | JURY TRIAL DEMANDED |
| | ) | |
| PATRICK H. SCHWINDT, | ) | |
| an adult individual, | ) | |
| | ) | |
| Defendant | ) | |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the _____ day of June, 2005, a copy of the

within document was served on all counsel of record and unrepresented parties in accordance

with the applicable rules of court.


_____
Richard A. Lanzillo


# 620499