IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ZEM ZEM SHRINERS, A.A.O.N.M.S., an unincorporated association, | ) ) ) | Docket No. 05-57E (Judge McLaughlin) |
| Plaintiff, | ) ) | ELECTRONICALLY FILED PLEADING |
| vs. | ) ) | JURY TRIAL DEMANDED |
| PATRICK H. SCHWINDT, an adult individual, | ) ) ) | RESPONSE TO MOTION TO STAY COURT ORDER PENDING APPEAL |
| Defendant | ) ) ) ) ) ) ) ) ) ) ) ) ) | Filed on behalf of: Zem Zem Shriners, A.A.O.N.M.S.<br><br>Counsel of record for this party:<br>Richard A. Lanzillo, Esq.<br>Knox McLaughlin Gornall<br>& Sennett, P.C.<br>120 West 10th Street<br>Erie, PA 16501<br>Telephone (814) 459-2800<br>Facsimile (814) 453-4530<br>Email rlanzillo@kmgslaw.com<br>PA53811 |

## RESPONSE TO MOTION TO STAY COURT ORDER PENDING APPEAL

Plaintiff, Zem Zem Shriners, A.A.O.N.M.S. ("Zem Zem"), through its counsel, Knox McLaughlin Gornall & Sennett, P.C., respectfully files the following as its Response to Plaintiff's Motion to Stay Court Order Pending Appeal:

1. Admitted. Zem Zem further avers that the basis for defendant's Motion to Quash Subpoenas was narrow and did not include the assertion of any privilege. Defendant's

Motion to Quash asserted that the subpoenas should be quashed or modified for the following reasons:

    A.    The subpoenas demand the production of documents from 1993 to the present. The subpoenas are overly broad and request information which has no relevance to the pending action. The subpoenas provide no information from which it can be discerned where the information requested has any relevance to the present case;

    B.    The subpoenas demand the production of numerous records including records which are the joint records of Judith L. Schwindt. Mrs. Schwindt is not a party to this action and her personal records should not be subject to discovery.

(Motion to Quash and/or Modify Subpoenas ¶4). The defendant further averred that the subpoenas represented a "fishing expedition" and that defendant feared that Zem Zem would "share financial information it obtains with others including agents of the government." (Motion to Quash and/or Modify Subpoenas ¶¶5-6). None of the individuals or entities upon whom Zem Zem served subpoenas joined in defendant's Motion to Quash or otherwise objected to the subpoenas. Thus, defendant's Motion to Quash constituted a typical discovery objection by a party based upon challenges to relevance and breadth.

    2.    Admitted. Zem Zem further avers that the Court's Order of June 27, 2005 is interlocutory and non-appealable.

    3.    Denied as stated. The Third Circuit's decision in <u>In Re Grand Jury</u>, 111 F.3d 1066 (3rd Cir. 1997) does not stand for the broad proposition asserted by plaintiffs. The exception recognized by the Court in <u>In Re Grand Jury</u> is exceptionally narrow. Among other things, an Order requiring the production of documents cannot be considered a "collateral order"

subject to immediate appeal unless a party opposing the discovery has asserted a valid and historically-recognized privilege, such as the attorney-client privilege or the work product privilege. Bacher v. Allstate Insurance Company, 211 F.3d 52 (3rd Cir. 1997). Even when such a privilege is raised, the opportunity for interlocutory review is highly circumscribed. In the present case, the defendant is opposing the production of documents and information based upon run-of-the-mill discovery objections. The Court's Order denying defendant's Motion to Quash is a routine discovery order, which is not subject to immediate appeal.

        4.     Denied. A stay of the Court's Order denying the Motion to Quash is entirely inappropriate. Defendant argues that "appellate review would be meaningless if the records were obtained prior to such being conducted" and that the "harm sought to be prevented by the Motion to Quash could, in fact, not be prevented if the records were provided prior to review by the Third Circuit." This logic would extend to any Order overruling a party's objection to a discovery request. The Third Circuit and all other Courts of Appeals have rejected this logic. Except under extraordinarily limited circumstances, discovery orders, such as this Court's Order of June 27, 2005, are interlocutory and non-appealable. Zem Zem intends to file a Motion to Quash defendant's appeal.

        WHEREFORE, plaintiff respectfully requests that the Court deny defendant's Motion to Stay this Court's Order dated June 27, 2005.

- 4 -

        Respectfully submitted,

        KNOX McLAUGHLIN GORNALL &
        SENNETT, P.C.


BY: /s/        Richard A. Lanzillo, Esq.
        Richard A. Lanzillo, Esquire
        120 West Tenth Street
        Erie, PA  16501
        Telephone (814) 459-2800
        Facsimile (814) 453-4530
        Email rlanzillo@kmgslaw.com
        PA53811

        Attorneys for Plaintiff,
        Zem Zem Shriners

# 624831

- 4 -